UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
COURT FILE NO.: CV - _____

| | |
|---|---|
| JONATHAN C. MITCHELL<br><br>Plaintiff,<br>v.<br><br>NCO FINANCIAL SYSTEMS, INC.<br><br>Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This is an action for damages brought by a consumer pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). The FDCPA prohibits collectors from engaging in deceptive and unfair practices in the collection of consumer debt.

## JURISDICTION/VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Jonathan C. Mitchell ("Mitchell") is a natural person who resides in Allegheny County, Commonwealth of Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant NCO Financial Systems, Inc. ("NCO") is a Pennsylvania corporation and a collection agency operating from an address of 507 Prudential Road, Horsham, PA 19044, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a third-party servicer of defaulted student loans who is required to comply with the provisions of the Family Federal Educational Loan Program ("FFEL"), 34 C.F.R. § 682 et seq., in the course of its student loan collection activities.

## FACTUAL ALLEGATIONS

6. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, that allegedly went into default for late payment, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely a guaranteed student loan.

7. In the beginning of 2008, Plaintiff asked to be allowed to enter into a rehabilitation repayment program pursuant to his rights under the FFEL.

8. This rehabilitation repayment plan was to be nine (9) payments within twenty (20) days of their monthly due dates over a ten (10) month period, and in a reasonable and affordable amount as prescribed by 34 C.F.R. § 682.405, and agreed upon between the Defendant and the Plaintiff.

9. The Defendant's employee/agent, "Rochelle", advised Plaintiff that in order to enter the rehabilitation program, he would have to pay a minimum of $162 per month.

10. "Rochelle" advised the Plaintiff that the minimum payment was based on a percentage of the outstanding balance.

11. At no time did the Defendant ever inquire into Plaintiff's personal expenses, or economic circumstances, in attempting to determine a reasonable and affordable monthly payment amount to rehabilitate this student loan, and as required by the FFEL, 34 C.F.R. § 682.405.

12. Defendant's: (a) failure to obtain documentation of Plaintiff's current income, expenses, and other economic circumstances in determining an agreed upon reasonable and affordable minimum monthly repayment amount and (b) requiring a minimum payment based on a percentage of the outstanding balance of the loan are false and deceptive collection practices, as well as unfair to the Plaintiff, violating numerous and multiple provisions of the FDCPA including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, amongst others.

13. Plaintiff suffered actual damages as a result of these illegal collection activities in the form of anger, anxiety, emotional distress, fear, upset, frustration and monetary loss.

## CAUSES OF ACTION

### COUNT I

14. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

15. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

16. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages, statutory damages and reasonable attorney's fees and costs.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

      (a)    Actual damages,

      (b)    Statutory damages,

      (c)    Reasonable attorney's fees and costs, and

      (d)    Such other and further relief as the Court shall deem just and proper.

Respectfully submitted,

Date:

**JEFFREY L. SUHER, P.C.**

By: s/Jeffrey L. Suher
Jeffrey L. Suher, Esq.
Attorney I.D.#74924
4328 Old William Penn Highway, Suite 2J
Monroeville, PA 15146
Telephone: (412) 374-9005
Facsimile: (412) 374-0799
lawfirm@jeffcanhelp.com

**Attorney for Plaintiff**